IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-HC-2053-FL

| | | |
|---|---|---|
| SHEDRICK OWEN GRAVES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JUSTIN ANDREWS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a federal inmate proceeding pro se, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court for an initial review of the petition pursuant to 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that the petitioner is not entitled to relief.

Petitioner is currently incarcerated at the Federal Correctional Institution in Butner, North Carolina, serving a term of 36 months' imprisonment for violating the terms of supervised release. The petition alleges the following grounds for relief: 1) the Federal Bureau of Prisons ("BOP") has miscalculated her good time credits in violation of the First Step Act of 2018; 2) the First Step Act requires the BOP to place petitioner in home confinement for the last six months of her sentence; 3) the sentencing court failed to reduce her sentence pursuant to Amendment 782 to the United States Sentencing Guidelines; 4) petitioner's supervised release revocation proceedings violated her rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and 5) the predicate convictions used to enhance her sentence were invalid.

Pursuant to § 2241, a federal court may issue a writ of habeas corpus to a federal or state prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the

United States." 28 U.S.C. § 2241(a), (c)(3). "[A]ttacks on the execution of a [federal] sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc). A federal prisoner challenges the execution of her sentence when she contests the BOP's "administrative rules, decisions, and procedures applied to [the] sentence." In re Wright, 826 F.3d 774, 777 (4th Cir. 2016).

The court beings with plaintiff's claims concerning calculation of her good time credits under the First Step Act. Section 102(b) of the First Step amended 18 U.S.C. § 3624(b) to provide that federal inmates are eligible to receive up to 54 days of good conduct time for each year of incarceration. See First Step Act of 2018, Pub. L. No. 115-391, § 102(b), 132 Stat. 5194, 5210. However, "the amendments made [to § 3624] by this subsection shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system [as required by § 101(a) of the First Step Act). See id. at 5213. At the time petitioner filed the petition, the Attorney General had not completed the risk and needs assessment, and thus the First Step Act's amendments to § 3624 were not effective. United States v. Lowe, No. 1:15-CR-11-1, 2019 WL 3858603, at *3 (M.D.N.C. Aug. 16, 2019) (stating the risk and needs assessment was completed on July 19, 2019). Accordingly, the petition was prematurely filed, and petitioner was not being held in violation of the First Step Act's amendments to § 3624(b) when she filed the petition. See First Step Act of 2018, § 102(b), 132 Stat. at 5213; see also Martin v. Entzel, No. 3:19-CV-25, 2019 WL 2946074, at *3 (N.D.W. Va. June 7, 2019) (dismissing habeas claim challenging the BOP's calculation of good time credits where the claim was filed before the effective date of § 102(b)'s amendments); White v. BOP, No. 9:19-762-JMC-BM, 2019 WL 2517082, at *2-3 (D.S.C. May 17, 2019) (same); Blake v. BOP, No. 2:19-CV-818-RMG-MGB,

2019 WL 2618194, at *2 (D.S.C. Apr. 23, 2019) (same).[1] Petitioner also has not alleged in subsequent filings that the BOP miscalculated her good time credits after the effective date of the amendments to § 3624.

The court next considers petitioner's claim that the First Step Act requires the BOP to place her in home confinement for the last six months of her sentence. The First Step Act amended 18 U.S.C. § 3624(c)(2) to provide:

> Home confinement authority. – The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(2); First Step Act of 2018, § 602, 132 Stat. at 5238. This provision states that the BOP shall place certain prisoners on home confinement "to the extent practicable" for the maximum time allotted. Thus, contrary to petitioner's claim, the First Step Act does not "require" the BOP to place her on home confinement.[2]

Petitioner also raises claims challenging her conviction and sentence for violating the terms of her supervised release, including that her revocation proceedings violated her due process rights, and that her sentence was improperly enhanced. Although petitioner filed her claims under 28 U.S.C. § 2241, she is in fact attacking the legality, rather than the execution of, her conviction and sentence. The legality of petitioner's conviction and sentence must be challenged under 28 U.S.C.

---

[1] The United States Court of Appeals for the Fourth Circuit has not addressed the effective date for the First Step Act amendments to § 3624(b) in a published opinion.

[2] Petitioner does not allege that the BOP abused its discretion by denying her request for home confinement. To the extent petitioner was attempting to assert such a claim, petitioner must first request home confinement through the BOP's administrative channels, and then appeal any adverse decision through the BOP's administrative remedy program before pursuing habeas corpus relief. See Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010).

§ 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Section 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).

Similarly, § 2255 is inadequate and ineffective to test the legality of a sentence where:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318 (2019).

Petitioner has not alleged that a retroactive change in law renders her conviction or sentence invalid. Accordingly, petitioner may not challenge her conviction or sentence pursuant to 28 U.S.C. § 2241. Wheeler, 886 F.3d at 429; Jones, 226 F.3d at 333-34.

Finally, petitioner challenges the sentencing court's order denying relief on her motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the Sentencing

Guidelines.[3] Petitioner may not obtain review of the sentencing court's order in this § 2241 action. Petitioner's must seek review of that decision by filing an appeal.

Based on the foregoing, the court DISMISSES the petition without prejudice. After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Accordingly, the court DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 14th day of November, 2019.

*[signature]*
LOUISE W. FLANAGAN
United States District Judge

---

[3] Notably, the sentencing court's docket reflects that the court granted petitioner's § 3582(c) motion on April 18, 2012. United States v. Graves, No. 4:06-CR-112-RBS-TEM (E.D. Va. Apr. 18, 2012).